IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEE CALDWELL                                                                    PLAINTIFF

v.                                    No. 4:16-cv-856-DPM

HILLCREST DAVIDSON
AND ASSOCIATES LLC                                                       DEFENDANT

ORDER

**1.** Hillcrest Davidson, a debt collector, sent Caldwell a letter. This letter acknowledged that Caldwell disputed a debt, recited the Fair Debt Collection Practices Act's thirty-day dispute/verification provision, said Hillcrest Davidson would fully abide by its statutory obligations, and closed with the warning required by law: "This communication is from a debt collector. This is an attempt to collect a debt and any information received will be used for that purpose." № 1 at 13. But Caldwell had a lawyer, and that lawyer is the one who had written to Hillcrest Davidson (twice), disputing the debt and requesting that Hillcrest Davidson communicate with Caldwell only through the lawyer, as the statute provides. 15 U.S.C. § 1692c(a)(2). Caldwell, with new counsel, has sued about the letter. Personal service on Hillcrest Davidson was good, and its lawyer acknowledged the suit papers. Hillcrest Davidson hasn't answered or otherwise defended the case. The Clerk's default was proper.

**2.** Caldwell's motion for a default judgment, № 6, is granted as modified. The now-admitted facts establish that Hillcrest Davidson's letter violated the statute because it went to Caldwell instead of his lawyer.

Caldwell seeks no actual damages, but asks for the $1000 maximum allowed as statutory damages. 15 U.S.C. § 1692k(a)(2)(A). The Court must, as he says, consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1). This was one letter, a pretty tame one by FDCPA standards. It's more an acknowledgment that the debt is disputed than a push to pay up. What about Hillcrest Davidson's intent? Caldwell alleges, and the debt collector has admitted, that the violation was knowing and willful. № 1 at ¶ 32. That's conclusory, though. On the other hand, by not responding to the case, Hillcrest Davidson gave up its right to avoid any liability by showing that it had just made a mistake notwithstanding company procedures to see that communications with a debtor stop once a lawyer appears. 15 U.S.C. § 1692k(c). The fact that Hillcrest Davidson responded to counsel's letter by writing back to the debtor strikes the Court as something of a snub to counsel rather than a mistake. No hearing is needed to

sort the damages issue. All material things considered, the Court awards $100 in statutory damages. The award is low because room must be preserved in the statutory range ($0–$1000) for more egregious cases. Imagine another no-actual-damages situation but with repeated and harsh communications to a represented debtor.

Next, attorney's fees and costs. The Court also awards a reasonable attorney's fee of $1575. This is a simple case. An hourly rate of $225 is appropriate given market rates for this kind of matter. And this dispute could have been handled from start to finish in no more than seven hours. The Court will tax the filing fee as a cost. 28 U.S.C. § 1920(1); FED. R. CIV. P. 54(d)(1). The U.S. Marshal didn't serve process, so that expense can't be taxed. *Crues v. KFC Corporation*, 768 F.2d 230, 234 (8th Cir. 1985). A judgment will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 June 2017